UNITED SATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**STEVEN F. DIMEO,**                                                        Chapter 7
    Debtor                                                             Case No. 16-13926-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~

**MARIEL SILVERIO,**
    Plaintiff
v.                                                                          Adv. P. No. 17-1045
**STEVEN F. DIMEO,**
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the "Motion to Dismiss Complaint Objecting to Dischargeability of Debt" filed by the Defendant/Debtor, Steven F. Dimeo ("Dimeo" or the "Defendant"). Pursuant to his Motion, the Defendant seeks dismissal of the Complaint filed by Mariel Silverio ("Silverio" or the "Plaintiff") on grounds that it is "barred by the doctrines of claim preclusion and issue preclusion," adding that "[t]he allegations in the Complaint have already been argued and determined by an arbitrator, who found for the Plaintiff but did not award damages for any violations pursuant to G.L.c.93A." The Defendant attached to his Motion to Dismiss the decision of the arbitrator. The Plaintiff filed a Response to the Defendant's Motion to Dismiss and the Court heard the Motion to Dismiss on August 8, 2017.

1

At the August 8, 2017 hearing, the Court dismissed Counts III, IV, V and VI pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012. At the conclusion of the hearing, the Court directed the Plaintiff to file a statement of the claim that initiated the arbitration proceeding. In lieu of filing such a statement, the Plaintiff filed an Affidavit, which shall be discussed below.

The Court reviewed the Affidavit on August 18, 2017 and entered the following order:

> It appearing that the Request for Arbitration referenced in paragraph 3 of the Plaintiff's Affidavit was not attached to the Affidavit, the Court hereby orders the Plaintiff to file the Request for Arbitration within 7 days of the date of this order. In addition, the Court hereby orders the parties to jointly file a copy of the construction contract dated October 29, 2013 and a copy of their arbitration agreement within 7 days of the date of this order. Pursuant to Fed. R. Civ. P. 12(d), made applicable to this proceeding by Fed. R. Bankr. P. 7012, the Court shall treat the Motion to Dismiss as a Motion for Summary Judgment. The parties are directed to submit any additional evidentiary materials and briefs within 14 days of the date of this order.

On August 25, 2017, the parties filed a Joint Notice to the Court Re: Order dated August 18, 2017 to which they attached the construction contract dated October 29, 2013 and the Plaintiff's Request for Arbitration. Neither party submitted any additional evidentiary materials or briefs within the time prescribed by the Court.

Upon consideration of the evidentiary materials submitted, the Court determines that the material facts necessary to resolve the Motion to Dismiss, based upon claim preclusion and issue preclusion, are not in dispute. Accordingly, the Court shall treat the

Motion to Dismiss as a motion for summary judgment.[1]  The Court now makes the following findings of fact and rulings of law.

**II. BACKGROUND**

The Debtor filed a voluntary Chapter 7 petition on October 31, 2016.  On Schedule A/B: Property, he listed ownership of a sole proprietorship, "Classic Details."  On Schedule E/F: Creditors Who Have Unsecured Claims, he listed the Plaintiff as the holder of a disputed claim in the sum of $70,000.00.

---

[1] According to the United States Bankruptcy Appellate Panel of the First Circuit in Raso v. Fahey (In re Fahey), 482 B.R. 678 (B.A.P. 1st Cir. 2012),

> "In bankruptcy, summary judgment is governed in the first instance by Bankruptcy Rule 7056." Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 762 (1st Cir. 1994); see also Soto–Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 115 (1st Cir. 2011). "By its express terms, the rule incorporates into bankruptcy practice the standards of Rule 56 of the Federal Rules of Civil Procedure." In re Varrasso, 37 F.3d at 762 (citations omitted); *see also* Soto–Rios v. Banco Popular de Puerto Rico, 662 F.3d at 115; Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56.6 "It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law." In re Varrasso, 37 F.3d at 763 (citing Fed. R. Civ. P. 56(c)). "As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver an absence of evidence to support the nonmoving party's case." Id. at 763, n. 1 (citation and internal quotations omitted). "The burden of production then shifts to the nonmovant, who, to avoid summary judgment, must establish the existence of at least one question of fact that is both genuine and material." Id. (citations and internal quotations omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

In re Fahey, 482 B.R. at 686–87.

After properly obtaining several extensions of time within which to file a complaint to determine the dischargeability of a debt, the Plaintiff timely filed a six-count Complaint setting forth the following counts: Count I: 11 U.S.C. § 523(a)(2); Count II: 11 U.S.C. § 523(a)(6); Count III: Breach of Contract; Count IV: Unjust Enrichment; Count V: Mass. Gen. Laws ch. 142A;[2] and Count VI: Mass. Gen. Laws ch. 93A, §§ 2 and 9. The Plaintiff's Complaint arises out of a construction contract to restore a Victorian style home in the historic Tower Hill district of Lawrence, Massachusetts. The Plaintiff engaged the Defendant as a home improvement contractor owing to his ostensible expertise in restoring older homes.

**III. FACTS**

The Plaintiff and the Defendant entered into a home improvement contract in the fall of 2013. The contract provided for the arbitration of disputes "before a mutually acceptable Mediator, costs to be born equally between the two parties, and the other party shall agree to participate." The contract further provided:

> [I]n the event that any dispute or claim arising out of or relating to this contract is not resolved through Mediation, or no request for Mediation is made, the dispute or claim shall be resolved through Mediation, the dispute or claim shall be resolved through Arbitration. Arbitration shall be before a single arbitrator mutually agreeable to the parties, in accordance with the Construction industry Arbitration Rules of the American Arbitration Association, costs to be born equally between the parties.

---

[2] Chapter 142A of Massachusetts General Laws pertains to the Regulation of Home Improvement Contractors. *See* Mass. Gen. Laws ch. 142A, §§ 1-21. Section 17 of Chapter 142A provides that "Violations of any of the provisions of this chapter shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A."

Pursuant to the contract, the scope of work, namely repairing and replacing gutters and flashing and replacing the roof, was to be completed in 12 weeks at a total cost of $76,900.00. The scope of the work was expanded, however, but the Defendant did not complete all the work and the work he did perform, according to the Plaintiff, was substandard. The Plaintiff terminated the contract in the spring of 2014 and, through counsel, sent the Defendant a Ch. 93A letter on May 12, 2014. *See* Mass. Gen. Laws ch. 93A, § 1-11.

On or around June 19, 2014, the Plaintiff filed a Request for Arbitration using a form bearing the seal of the Commonwealth of Massachusetts and referencing the Home Improvement Contractor Arbitration Program, thereby initiating Case No. 14-HICARB018. The form used was divided into eight (8) sections as follows: 1) Applicant Information, 2) Agent/Attorney Information, 3) Qualification Information, 4) Contractor Information, 5) Contract Information 6) Dispute Information, 7) Requested Relief, and 8) Agreement Signature. With respect to "Dispute Information," the Plaintiff was required to check applicable boxes. She did so, indicating that 1) the work was not completed, 2) the work was performed in a poor or unworkmanlike manner, 3) the contractor did not follow the agreed payment schedule, 4) the contractor made misrepresentations, 5) the contractor was engaged in a prohibited act,[3] and 6) the contractor violated other common laws and regulations. In addition, the Plaintiff summarized her grievances against the Defendant and about the work he performed, stating in pertinent part the following:

---

[3] The form contained a reference to Mass. Gen. Laws ch. 142A, § 17.

5

> The myriad of issues during the execution of this contract have included, but are not limited to: misrepresentation of rates and inability to complete [sic] the work within the time and weather constraints, requests for advances for the purchase of materials never delivered, requests for tool repair and purchase (never intended for project use,) [sic] request for project materials to be taken and tools, definitely taken, off site to complete other client projects, etc. There have also been repeated assurances of being able to work "lightening fast" and the weather being a "non-issue" as the contractor, even after repeated questions about his ability to complete the work, in winter weather, failed to complete any more work after the partial completion of the rubber roof in November of 2013.  The structural work started in December of 2013 remains mostly incomplete, and the cellar sash that was removed was never repaired nor reinstalled, leaving the structure vulnerable to unwanted entry.

In Section 8, the Plaintiff represented that she understood that "[a]n oral hearing should last no longer than four hours" and that in the event it were to last longer the arbitrator would be entitled to charge an addition fee.  In addition, the Plaintiff recognized that she might need to pursue further legal action in court to enforce the arbitration award.

The Arbitrator, Richard A. Volkin (the "Arbitrator"), issued his decision following a hearing on November 17, 2014 and awarded the Plaintiff damages for her actual loss in the sum of $70,082.00 on December 8, 2014.  In his decision, the Arbitrator noted that the Plaintiff appeared with an attorney and the Defendant appeared as well but was not represented by an attorney.  Two witnesses testified and a total or 30 exhibits were submitted to him by the parties.

The Arbitrator made detailed Findings of Fact.  After summarizing the contract, he determined that "[o]n or about April/April 2014 [sic], both parties somewhat separated their relationship, lack of communication, with a considerable amount of the original contract remaining to be completed. [sic]"  In addition, he determined that the

October 29, 2013 contract complied with the requirements of Mass. Gen. Laws ch. 142A, § 2(a); that the Defendant submitted invoices totaling $97,161.00, and the Plaintiff paid $99,729.44; and that two change orders were accepted by the Plaintiff in the total amount of $11,400.00.

The Arbitrator stated in pertinent part:

> . . . The Arbitrator recognizes the effort of the Contractor in performance of his work, a portion beyond the proposal and contractual Scope of Work. The Arbitrator finds that the Contractor, insignificantly increasing the Project estimate, failed to communicate reasonable documentation of the increase for the Homeowner's discretionary choice and contractual required written approval to proceed or not with any change of Scope of Work. The Homeowner relies on the fiduciary knowledge [sic] of the costs of work with the Contractor's expertise. The Arbitrator based on testimony, site visit, photographs, e-mails and other exhibits has determined, at the time of Contractor dismissal, the contractual Scope of Works is [sic] not completed.
>
> ***
>
> . . . As there was not a willful and knowing deliberate violation of the statute, the actions of the Contractor does not rise to the level of MGL Chapter 93A action.[4]

---

[4] The statute referenced by the Arbitrator is Mass. Gen. Laws ch. 142A, §§ 1-20, which regulates home improvement contractors. Section 17 of the act prohibits the following conduct by contractors or subcontractors:

> (1) operating without a certificate of registration issued by the director;
> (2) abandoning or failing to perform, without justification, any contract or project engaged in or undertaken by a registered contractor or subcontractor, or deviating from or disregarding plans or specifications in any material respect without the consent of the owner;
> (3) failing to credit to the owner any payment they have made to the contractor or his salesperson in connection with a residential contracting transaction;
> *(4) making any material misrepresentation in the procurement of a contract or making any false promise of a character likely to influence, persuade or induce the procurement of a contract;*

7

>
> (5) knowingly contracting beyond the scope of the registration as a contractor or subcontractor;
>
> (6) acting directly, regardless of the receipt or the expectation of receipt of compensation or gain from the mortgage lender, in connection with a residential contracting transaction by preparing, offering or negotiating or attempting to or agreeing to prepare, arrange, offer or negotiate a mortgage loan on behalf of a mortgage lender;
>
> (7) acting as a mortgage broker or agent for any mortgage lender;
>
> (8) publishing, directly or indirectly, any advertisement relating to home construction or home improvements which does not contain the contractor's or subcontractor's certificate of registration number or which does contain an assertion, representation or statement of fact which is false, deceptive, or misleading;
>
> (9) advertising in any manner that a registrant is registered under this chapter unless the advertisement includes an accurate reference to the contractor's or subcontractor's certificate of registration;
>
> (10) violation of the building laws of the commonwealth or of any political subdivision thereof;
>
> (11) misrepresenting a material fact by an applicant in obtaining a certificate of registration;
>
> (12) failing to notify the director of any change of trade name or address as required by section thirteen;
>
> (13) conducting a residential contracting business in any name other than the one in which the contractor or subcontractor is registered;
>
> *(14) failing to pay for materials or services rendered in connection with his operating as a contractor or subcontractor where he has received sufficient funds as payment for the particular construction work, project or operation for which the services or materials were rendered or purchased;*
>
> (15) failing to comply with any order, demand or requirement lawfully made by the administrator or fund administrator under and within the authority of this chapter;
>
> (16) demanding or receiving payment in violation of clause (6) of paragraph (a) of section two;
>
> (17) violating any other provision of this chapter.
>
> Violations of this section shall subject the violator to the administrative sanctions of section eighteen and to criminal prosecution as prescribed in section nineteen.

Mass. Gen. Laws ch. 142A, § 17 (emphasis added).

> . . . This award is in full settlement of all claims and counterclaims submitted to this Arbitration.

The Arbitrator then entered an order with respect to the Plaintiff's Claims, performing the following Actual Loss Calculation:

| | |
|---|---|
| Contract Value | $68,300.00 |
| Value of Work Remaining | $65,882.00 |
| Value for Repairs . . . | $ 4,200.00 |
| Total | $70,082.00 |

The Order provided for payment of the award "no later than 1/13/2015." It also provided:

> This *advisory opinion* is being rendered by the arbitrator for use in the event that the homeowner is eligible for payments from the Guaranty Fund. Actual lass constitutes "amounts payable for the cost of repair, replacement, completion, or performance under the terms of a residential contracting agreement with respect to which a claim is made.[5]

---

[5] Section 5 of Mass. Gen. Laws ch. 142A provides in pertinent part:

> There shall be established a Residential Contractor's Guaranty Fund within the office of consumer affairs and business regulation, to compensate owners for actual losses incurred by them as a result of registered contractor or subcontractor conduct which has been found by a court of competent jurisdiction to be work performed in a poor or unworkmanlike manner or which is a common law violation or a violation of any statute or regulation designed for the protection of consumers, including but not limited to, prohibited acts listed in section seventeen; provided, however, that the owner has exhausted all customary and reasonable efforts to collect the judgment but the contractor has filed for bankruptcy, fled the jurisdiction or the owner is otherwise unable to collect such judgment after execution. . . .

Mass. Gen. Laws Ann. ch. 142A, § 5.

(emphasis added). The Defendant appealed the Arbitrator's decision to the Superior Court, Department of the Massachusetts Trial Court. *See* Mass. Gen. Laws ch. 142A, § 4(e). The appeal and the Plaintiff's cross-appeal were pending when the Debtor commenced his Chapter 7 case.

**IV. POSITIONS OF THE PARTIES**

    A. The Defendant

The Defendant, in support of his contention that issue and claim preclusion warrant dismissal of the Plaintiff's Complaint, argues that the allegations in the Complaint and the issues in this adversary proceeding have been conclusively determined by the Arbitrator. The Defendant argues as follows:

> The threshold for proving the Nondischargeability Claims is higher than for proving a 93A violation. Pursuant to 11 U.S.C. §523(a)(2)(A), the Plaintiff must prove that the a [sic] monetary debt is nondischargeable if it was obtained "by false pretenses, making false representations, and by actual fraud…". Pursuant to 11 U.S.C. §523(a)(6), the Plaintiff must prove that the Defendant's conduct caused "willful and malicious injury by the debtor to another entity or to the property of another entity". This means that the Plaintiff would have to prove that the Defendant intended to injure the Plaintiff or her property. Where the Arbitrator's Finding has ruled that the Defendant's actions did not rise to the lower threshold required for a 93A violation, the Plaintiff is estopped from asserting that such conduct rises to the heightened standard of a nondischargeable debt.
>
> Accordingly, the Plaintiff's Complaint should be dismissed as being barred by claim preclusion and issue preclusion.

    B. The Plaintiff

The Plaintiff argues that her arbitration claim was based only on breach of contract and violations of Chapter 93A and, thus, the Arbitrator's findings are limited to the performance or nonperformance of certain aspects of the contract. In her Affidavit, she

10

states that, to the best of her recollection, the Debtor testified that it was his practice to intentionally underbid jobs, thus demonstrating an awareness that "he knew, at the time that he signed the contract with me, that the final cost of the services would be significantly higher than quoted . . . for the purpose of inducing me to agree to a contract that he knew was fraudulent." She maintains that the Arbitrator did not include any findings related specifically to fraud or misrepresentation, which form the basis of the her nondischargeability claim in this adversary proceeding, adding that in making his determination with respect to violations of Chapter 93A, the Arbitrator limited his findings to the facts related to breach of contract, not fraud or misrepresentation. She emphasizes that "[t]he claims in this adversary proceeding form an entirely separate and unrelated claim based on nondischargeability, which the Bankruptcy Court has exclusive jurisdiction to determine, as is well established."

The Plaintiff also contends that the arbitration proceeding lacked finality, citing Mass. Gen. Laws ch. 142A § 4(e), which permits a party to a home improvement contractor arbitration to seek a trial de novo in the Superior or District Court. The Plaintiff further contends that the pending trial de novo, which the Defendant himself initiated, should act as an exception to the finality of the arbitration judgment.

## IV. DISCUSSION

The parties do not disagree as to applicable legal principles. "Federal courts must give state court judgments the res judicata effect that state law prescribes." Goldsmith v. Massad (In re Fiorillo), 494 B.R. 119, 158 (Bankr. D. Mass. 2013) (citing Migra v. Warren

City School Dist. Bd. of Educ., 465 U.S. 75, 80–81 (1984)). According to the court in Blacksmith Inves., Inc. v. Woodford (In re Woodford), 418 B.R. 644 (B.A.P. 1st Cir. 2009),

> Under Massachusetts law, the term "res judicata" includes both claim preclusion and issue preclusion. Kobrin v. Bd. of Registration in Medicine, 444 Mass. 837, 832 N.E.2d 628, 634 (2005) (citing Heacock v. Heacock, 402 Mass. 21, 520 N.E.2d 151, 152 n. 2 (1988) (explaining that "res judicata" is the generic term for various doctrines by which a judgment in one action has a binding effect in another)). "*Claim preclusion makes a valid, final judgment conclusive on the parties* and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." Id. (citations omitted). Claim preclusion requires three elements: (1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits. Id. (citing DaLuz v. Dep't of Corr., 434 Mass. 40, 746 N.E.2d 501 (2001)). . . .
>
> The doctrine of collateral estoppel "prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies." Kobrin, 832 N.E.2d at 634 (quoting Heacock v. Heacock, 402 Mass. 21, 520 N.E.2d 151, 152 (1988)); *see also* Jarosz v. Palmer, 436 Mass. 526, 766 N.E.2d 482, 487 (2002). *To apply the doctrine, the court must determine that: (1) there was a final judgment on the merits in the prior litigation*; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior litigation; and (3) the issue in the prior litigation was identical to the issue in the current litigation. Kobrin, 832 N.E.2d at 634 (citing Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 697 N.E.2d 983 (1998)). In addition, the issue in the prior litigation must have been essential to the earlier judgment. Id.; *see also* Alba v. Raytheon Co., 441 Mass. 836, 809 N.E.2d 516, 521 (2004) (citations omitted). Issue preclusion can be used only to prevent relitigation of issues actually litigated in the prior action. Kobrin, 832 N.E.2d at 634. . . .

In re Woodford, 418 B.R. at 650–51 (footnote omitted, emphasis supplied). As is evident from the legal principles set forth in Woodford, application of both claim preclusion and issue preclusion require a final judgment on the merits.

Chapter 142A, entitled "Regulation of Home Improvement Contractors," enumerates prohibited acts which may subject a contractor or subcontractor to

12

administrative sanctions, criminal prosecution, and civil remedies. Mass. Gen. Laws ch. 142A, § 17. It also sets out requirements for residential contracting agreements and authorizes the inclusion of arbitration clauses, provided the provisions are clearly and conspicuously disclosed in language designated by the director of consumer affairs and business regulation, and each party assents by separately signing and dating the provision. Id. at § 2. The statute also establishes a private arbitration services program, to be approved by the director, to consider disputes arising from contracts for residential contracting services. Id. at § 4(a). Section 4 of ch. 142A, however, provides in pertinent part the following: "A contractor, subcontractor or homeowner may also appeal the decision of an arbitrator for a trial de novo in superior court or district court." Mass. Gen. Laws ch. 142A, § 4(e).

The court in Pocaro v. O'Rourke, 2008 Mass. App. Ct. Div. 218, 2008 WL 4456752, at *2 (Sept. 25, 2008), *aff'd sub nom.* Porcaro v. O'Rorke, 75 Mass. App. Ct. 1116, 918 N.E.2d 97 (2009), *appeal denied*, 455 Mass. 1109 (2010), considered the import of § 4(e). It explained:

> While the arbitrator's decision was given prima facie effect, GX. c. 142A, § 4(d), the appeal was not limited to a narrow review of the arbitration award. *Cf.* Superadio Ltd. Partnership v. Winstar Radio Prods., LLC, 446 Mass. 330, 333–334, 844 N.E.2d 246 (2006). To the contrary, it was by statute a full de novo proceeding, G.L. c. 142A, § 4(e), designed to "resemble an 'original' trial court action more than an ordinary appeal." Booth, *supra* at 168, 889 N.E.2d 59. And indeed, an "original" trial is what occurred. Evidence was received and testimony taken, resulting in extensive findings in which the judge, as noted, independently accepted in part and rejected in part the arbitrator's findings and, thereby, superseded them.

Porcaro v. O'Rourke, 2008 Mass. App. Div. 218 (Dist. Ct. 2008). In Simas v. House of Cabinets, Inc., 53 Mass. App. Ct. 131, 133–34, 757 N.E.2d 277, 279 (2001), *reiew denied,* 435 Mass. 1109 (2002), the Massachusetts Appeals Court explicitly stated: "The arbitrator's decision is not final; it may be appealed by seeking a trial de novo in the Superior or District Court, within twenty-one days of the issuance of the arbitrator's findings. G.L. c. 142A, § 4(e). Id. at 133-34, 757 N.E.2d at 279.[6]

In view of the provisions of § 4 of the Regulation of Home Improvement Contractors statute, the Court concludes that the requisite finality of the arbitration award is not present. Neither claim preclusion nor issue preclusion attach to the arbitration award so as to warrant dismissal of the remaining counts of the Plaintiff's Complaint for the reasons stated in the Motion to Dismiss.

**V. CONCLUSION**

In view of the foregoing, and treating the Motion to Dismiss as a motion for summary judgment, the Court shall enter an order denying the Defendant's Motion to Dismiss the remaining counts of the Plaintiff's Complaint.

By the Court,

*[signature: Joan N. Feeney]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: September 11, 2017

---

[6] The finality requirement may be satisfied in other contexts involving decisions made by arbitrators, such as commercial construction contracts. *Cf.* Chestnut Hill Dev. Corp. v. Otis Elevator Co., 739 F.Supp. 692 (D. Mass. 1990). In the instant case, the statute itself provides for de novo review.